J-S53027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ERIK RICHARD GOLANT | : | No. 4071 EDA 2017 |

Appeal from the Order Entered November 20, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0005102-2016

BEFORE:   GANTMAN, P.J., OTT, J., and PLATT*, J.

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 09, 2018**

The Commonwealth appeals from the order entered November 20, 2017, in the Court of Common Pleas of Delaware County, suppressing evidence and dismissing the charges against Appellee/Defendant Erik Richard Golant.[1]   After a thorough review of the submissions by the parties, the certified record, and relevant law, we affirm in part, reverse in part and remand for further proceedings consistent with this decision.

We relate the facts and procedural history of this matter as stated in the trial judge's Pa.R.A.P. 1925(a) opinion.

> On May 15, 2016, at approximately 8:40 p.m., Officer James Hallman of the Trainer Borough Police Department received a radio report of an unconscious man inside a car.  He proceeded to

---

* Retired Senior Judge assigned to the Superior Court.

[1] The Commonwealth has filed certification pursuant to Pa.R.A.P. §311(d) that the trial court's order will terminate or substantially handicap the prosecution.

the vicinity of Post Road and Pennell Street, where he found a blue Volkswagen legally parked with its engine running and lights on. He parked his police car behind the subject vehicle, exited and walked to the Volkswagen, where he found a man, later identified as [Golant], asleep in the driver's seat with the engine running and the keys in the ignition. After awakening the man by banging on the window, he shone a flashlight in [Golant's] face and noted bloodshot and glassy eyes and profuse amounts of sweat. All of this suggested the ingestion of alcohol and, perhaps, narcotics.

He directed [Golant] to step out of the car. As the door opened, he detected the smell of marijuana emanating from both the interior of the car and from [Golant's] person. He turned off the engine and removed the keys from the ignition.

After assisting [Golant] to the rear of the car for evaluation by the medics, who had arrived on the scene, he performed a pat-down search for anything that [Golant] might use as a weapon or that might poke or stab him or the medical personnel. During the search, he detected a hard object that he suspected might be a pill bottle containing a substance [Golant] had recently ingested. He asked what it was. [Golant] pulled out the container and explained that it was "just a little bit of weed."

Because he could smell marijuana, he searched [Golant's] car and found on the front passenger seat a black book bag. In an open front pouch, he saw a clear plastic baggie containing nine red cubes, later identified as THC. He returned to the ambulance and questioned [Golant] further about any consumption of the cubes. [Golant] explained he had ingested something at a concert and, while driving home, pulled over because he felt too tired to drive. He did not administer any filed sobriety tests. Rather, the ambulance crew took [Golant] to the hospital.

At the emergency room, he read to [Golant] the contents of the DL-26 form and advised him of the Section 1547 Chemical Test warnings. [Golant] signed the form, and blood was drawn.

The Commonwealth charged [Golant] with Count 1, [D]riving under the influence, 75 Pa.C.S.A. § 3802(d)(3), Count 2, Driving under the influence, 75 Pa.C.S.A. § 3802(d)(2), and Count 3 Possession of Marijuana, 35 [P.S.] § 780-113(a)(31)(UM). On March 23, 2017, the Information was amended to add Count 4, Driving under the influence, 75 Pa.C.S.A. § 3802(a)(1), Count 5,

> Driving under the influence, 75 Pa.C.S.A. § 3802(d)(1)(i), Count 6, Driving under the influence, 75 Pa.C.S.A. § 3802(d)(1)(ii), Count 7, Driving under the influence, 75 Pa.C.S. § 3802(d)(1)(iii).
>
> On March 23, 2017, this Court conducted a suppression hearing. Although the Commonwealth conceded that the officer's use of the DL-26 form rendered [Golant's] consent inoperative under **Birchfield v. North Dakota**, 136 S.Ct. 2160 (2016), it argued that the blood test results would be otherwise admissible under the Inevitable Discovery Doctrine. This Court disagreed and suppressed the blood test results.
>
> After hearing arguments, this Court concluded that absent the blood test results, the evidence was too "trivial" to find [Golant] guilty beyond a reasonable doubt. Accordingly, it dismissed the entire case.

Trial Court Opinion, 2/26/2018, at 1-3.

Subsequently, the Commonwealth appealed,[2] and filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Those issues, as argued in the Commonwealth's Appellant's brief are:

> Did the suppression court properly recognize in its opinion that it erred because dismissal is not a suppression remedy and the Commonwealth had a right to appeal and right to a jury trial?[3]
>
> … Did the suppression court err by suppressing the statements [made by Golant] because persons temporarily detained during vehicle stops are not in custody for the purposes of **Miranda**[4] and not entitled to **Miranda** warnings?

---

[2] Although the trial court verbally suppressed all evidence and dismissed the case on March 23, 2017, the written order was not docketed until November 20, 2017. Pursuant to Pa.R.A.P. 301(b) and (c), the order was not appealable until the written order was docketed.

[3] In its Rule 1925(b) statement, the Commonwealth claimed the trial court erred in dismissing the case after granting Golant's motion to suppress. In its Rule 1925(a) opinion, the trial court agreed it had erred.

[4] **Miranda v. Arizona**, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Did the officer's observations of the intoxicated defendant and the odor of marijuana in his vehicle give him probable cause to search the vehicle without a warrant?

Commonwealth Appellant's Brief at 2-3 (prefatory statements to each question omitted).

Initially, we agree with the Commonwealth and the trial court that the case was improperly dismissed after the trial court suppressed all the evidence. *See Commonwealth v. Miklos*, 672 A.2d 796 (Pa. Super. 1996) (*en banc*) (suppression court not asked to resolve questions related to factual guilt or innocence). Accordingly, the dismissal of all charges is reversed.

Our standard of review is well settled.

> When the Commonwealth appeals from a suppression order, we follow a clearly defined standard of review and consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. The suppression court's findings of fact bind an appellate court if the record supports those findings. The suppression court's conclusions of law, however, are not binding on an appellate court, whose duty is to determine if the suppression court properly applied the law to the facts.

> Our standard of review is restricted to establishing whether the record supports the suppression court's factual findings; however, we maintain *de novo* review over the suppression court's legal conclusions.

*Commonwealth v. Newsome*, 170 A.3d 1151, 1153-54 (Pa. Super. 2017) (citation omitted).

The Commonwealth's first suppression issue is a claim the trial court improperly suppressed statements made by Golant. The Commonwealth

argues Golant was not under arrest at the time the statements were made and therefore **Miranda** warnings were not required.

Although the Commonwealth does not specifically state what statements by Golant they refer to, our review of the certified record leads to the conclusion the statements are those mentioned in the trial court opinion: (1) Golant's admission that he possessed a little weed after the pat down search, and (2) his admission that he had ingested "something" at the concert he attended and felt too tired to drive, after Officer Hallman found the THC candy in his backpack.

The trial court did not suppress the first statement due to a failure to give Golant **Miranda** warnings. Rather, the trial court determined the pat down search was improper. Therefore, the discovery of the pill bottle was improper and Golant's statement regarding there being a little weed in the bottle were both fruit of the poisonous tree. We agree with the trial court's assessment. Officer Hallman admitted he had no suspicion that Golant was armed, dangerous or presented any threat to the police officer's safety. **See** N.T. Hearing, 3/23/2017, at 52. Accordingly, Officer Hallman had no authority to conduct a **Terry**[5] frisk.[6] **See Commonwealth v. Shelly**, 703 A.2d 499 (Pa. Super. 1997) (safety frisk allowable upon reasonable suspicion criminal activity is afoot and suspect is armed and dangerous). Further, Officer

---

[5] **Terry v. Ohio**, 88 S.Ct. 1868 (1968).

[6] Officer Hallman testified he conducted a pat down search of every person he dealt with. N.T. Hearing, 3/23/2017, at 26, 52. This practice is improper.

Hallman testified that Golant was not under arrest at the time of the search; therefore, the search cannot be justified as a search pursuant to arrest. Because Officer Hallman had no authority to conduct the pat down search of Golant, the discovery of the pill bottle with the small amount of marijuana and Golant's statement, confirming the contents of the container was "weed", were rightfully suppressed as fruit of the poisonous tree.

> Evidence obtained as a result of an unlawful search is subject to the fruit of the poisonous tree doctrine. The United States Supreme Court has stated that any material, tangible, or verbal evidence "obtained either during or as a direct result of an unlawful invasion" is inadmissible at trial. ***Wong Sun v. United States***, 371 U.S. 471, 485, 83 S.Ct. 407, 9 L.Ed.2d. 441 (1963).

***Commonwealth v. Chesney***, ____ A.3d ____, 2018 WL 4496148 at *5 (Pa. Super. 9/20/2018).

Golant made the other statements mentioned in the trial court opinion after Officer Hallman searched Golant's car and found nine THC candies in a plastic bag, which in turn, was in an open pocket of a book bag that was on the front passenger seat of the car. Officer Hallman justified this search based on the strong odor of marijuana he noticed coming from both Golant and the car when Golant first opened the car door. N.T. Hearing, 3/23/2017, at 31. This argument, as well as the Commonwealth's final argument, are based on Officer Hallman's testimony that the car smelled strongly of marijuana. Therefore, we will address these arguments together.

We agree with the Commonwealth that the odor of marijuana, alone, may be sufficient to establish probable cause to conduct a warrantless search

of an automobile. **See Commonwealth v. Stoner**, 710 A.2d 55, 59 (Pa. Super. 1998). However, the trial court made no findings regarding the propriety of the search based upon Officer Hallman's claim to have smelled marijuana.[7] We are not a fact-finding court and we are in no position to make a credibility determination. This is especially true where the testimony found in the certified record shows no apparent reason for that smell. There was no smoke in the car, no smoking residue, no "roaches", no smoking paraphernalia and no raw marijuana found in the car. Accordingly, we may make no inference in support of the officer's testimony from the evidence. Because we are in no position to rule on this aspect of the Commonwealth's argument, we must remand the matter to the trial court for findings of fact and conclusions of law specific to this argument.

Order affirmed in part, reversed in part. This matter is remanded for further proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/18

---

[7] Having based its decision on other grounds, the trial court did not specifically address this issue.

- 7 -